# REPORTS.

## ORDWAY v. HAYNES.

A new trial will not be granted on the ground of newly discovered evidence, where the party who has lost the verdict, has the right to a new trial by review, unless the newly discovered evidence has been kept from his knowledge by the misconduct of his adversary.

CASE against the defendant, a surgeon, for neglect and unskilful treatment of the plaintiff's fractured leg. The jury returned a verdict for the plaintiff, which the defendant moved should be set aside and a new trial granted, "because of newly discovered evidence of a controlling character." Evidence was taken and submitted on the motion. The defendant had the right to a new trial by review under the statute.

*George, Foster & Sanborn*, for the plaintiff.

*Tappan*, and *Minot & Mugridge*, for the defendant.

PERLEY, C. J. Applications for new trials on the ground of newly discovered evidence have not been frequent in this State. The earliest that has come to my knowledge, was in *State* v. *Carr*, 21 N. H. 166; and I am not acquainted with any case, in which a new trial has been granted in this State for that cause. Under our statutes the party who loses the verdict on the first trial of a civil action, has generally had, and now has, the right to another trial by review; which gives him an opportunity to use any new evidence discovered after the first trial. It is different in criminal causes, where the statute gives no right of review. The fact that the losing party has the right to a second trial by review is assigned in the *State* v. *Carr* as the reason why applications of this sort have so seldom been made in this State. That was a criminal case, and did not call on the court to consider whether such a motion would be entertained where the party had the right to a new trial on review.

If the newly discovered evidence were kept from the knowledge of the losing party by the fraudulent contrivance of his adversary, a new trial ought to be granted without much regard to the importance of the new evidence, and whether the action was, or was not, open to review.

In this case at the time when the new evidence is alleged to have been discovered, the defendant had, and still has, the right to a new trial by review. There is no suggestion that the new evidence was kept from the knowledge of the defendant by any misconduct of the plaintiff; and

the question meets us in the outset whether in a case like this a motion for a new trial on the ground of newly discovered evidence will be entertained; or, the party be left to introduce his new evidence on the new trial, to which he has a right under the statute on review.

The embarrassments attending the consideration of such motions, the danger of encouraging them by a loose rule of practice, and the mischiefs connected with repeated trials of the same cause, are clearly and forcibly set forth in the *State* v. *Carr*. New trials for this cause are granted only where it is made to appear that otherwise injustice will probably be done; and in order to be satisfied that injustice is likely to be done by refusing the new trial, the court is obliged to go into an inquiry as to the weight and importance of the new evidence, its connection with the evidence used on the former trial, and even the credibility of the witnesses. *Dennett* v. *Dennett*, 44 N. H. 531; *Parker* v. *Hardy*, 24 Pick. 246.

Where there is by law the right to another trial on review, and the other party has been guilty of no misconduct, it cannot be said that to prevent injustice it is necessary to grant a new trial on account of newly discovered evidence. If on the new trial by review the new evidence changes the verdict, the costs indeed of the former trial are not recovered back under our statute. But the former mis-trial happened by the misfortune of the party who lost the verdict; and the expense of that trial, according to the analogy of our practice in other cases, should fall on the party whose misfortune caused it; that expense was caused by the misfortune of the party, who, by accident, was not seasonably informed of the new evidence; and there is no injustice in his bearing the loss which was caused by his own misfortune instead of throwing it on his innocent adversary.

The intention of the law, which gives the right to a new trial by review, must have been to meet cases where the loser on the first trial from some accident or misfortune was not able to present his case fully; for if the cause were fully and fairly tried on all the evidence that existed, there would be no more possibility that the verdict would be right on the second trial than on the first.

In England and in most of the jurisdictions where these questions have been considered, there has been no right to a new trial by review in suits at law; and it is to be observed that the cases cited from Massachusetts have arisen since the right of review was abolished in that State. I have not seen a case, where the right to a new trial by review existed, and no misconduct was charged on the adverse party, in which a new trial has been granted on the ground of newly discovered evidence. As the plaintiff is not charged in this case with any misconduct in reference to the evidence alleged to have been newly discovered, and the defendant has the right to try the cause again on review, we are of opinion that to prevent injustice it is not necessary to set aside this verdict and grant a new trial. The reason, therefore, fails for which new trials are granted on account of newly discovered evidence, and without going into any consideration of the evidence submitted on this motion, we are of opinion that it must be denied.